UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 03 1460

| UNITED STATES OF AMERICA | : | No. CR-99-589-02 |
| --- | --- | --- |
| v. | : | (N.G.) |
| ENRICO LOCASCIO | : | |

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

MAR 11 2003

BROOKLYN

GERSHON, J.

GOLD, M.J.

## MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. §2255

AND NOW, comes Enrico Locascio, by and through current counsel, Gerald A. Lord, Esquire, and files the within stated motion:

1.  Your movant is Enrico Locascio.

2.  Movant is currently housed at the low security correctional institution at Allenwood, Pennsylvania.

3.  On April 27, 2000, movant pleaded guilty to one count of a third superseding information which charged violation of 18 U.S.C. §1962.

4.  By judgment entered September 7, 2000, your movant was sentenced to sixty-three (63) months of imprisonment. (Exhibit A).

5.  Movant was represented at his sentencing proceeding by Andrew Weinstein, Esquire, 41 Madison Avenue, 34th Floor, New York, NY 10010, (212) 725-5000.

6.  Movant filed no direct appeal from sentence.

7.  Prior to imposition of sentence, a presentence investigation report was prepared by Cheryl Fiorillo, United States probation officer.

8. In part B, paragraph 82, of the presentence investigation report, Officer Fiorillo added one point to the movant's criminal history for an offense of attempted criminal mischief in the fourth degree, for which movant was apparently sentenced to one year conditional discharge on October 5, 1987. (Exhibit B).

9. Movant maintains the one point assigned pursuant to paragraph 82 was improper and illegal under the pertinent guideline sections: U.S.S.G. 4A1.1(c), 4A1.1(d), 4A1.2(b), 4A1.2(f) and 4A1.2(a)(1). More specifically, and based on the following reasons, the movant alleges as follows:

(a) Movant was a juvenile at the time of the charged offense;

(b) Movant was granted youthful offender status;

(c) Movant was not subject to a "juvenile sentence", but instead a diversionary disposition;

(d) The conditional discharge imposed in the offense mentioned in paragraph 82 is not the equivalent of probation, or any other kind of juvenile criminal justice sentence; and

(e) There was no showing of an admission of guilt by the movant, as required by United States Sentencing Guidelines and United States case law interpreting the same.

10. The United States Attorney's Office failed to prove, as is their burden, the offense mentioned in paragraph 82 was subject to conviction and criminal justice sentence as defined in the 1997 United States Sentencing Guidelines.

11. In paragraph 83 of the presentence investigation report the probation officer also added one criminal history point for the charge of attempted criminal possession of a weapon in

the third degree, with regard to which movant received a three year conditional discharge on June 27, 1991. (Exhibit C).

12. The point assigned by the probation office, as adopted by this court, based on the information in paragraph 83, should not have been added to the criminal history points pursuant to U.S.S.G. §§4A1.1(a), 4A1.1(c), and 4A1.2(f) based on the following reasons:

(a) The government failed to prove that there was a conviction resulting from an admission of guilt by the movant;

(b) The movant did not receive a sentence that can be equated with a prior sentence that is required under the Sentencing Guidelines; and

(c) The diversionary disposition of the charge of attempted criminal possession of a weapon in the third degree could not be viewed as a previous sentence under the United States Sentencing Guidelines.

13. Movant asserts that the government failed to meet its burden of proving that the movant was subject to a prior sentence, following an admission of guilt, as a result of the charged named in paragraph 83.

14. Movant was represented by Andrew Weinstein throughout his plea and sentencing negotiations, as well as at the time judgment was entered in this Honorable Court.

15. Movant was not represented by anyone else before May of 2002.

16. Before hiring the undersigned counsel the movant was made aware of the possibility that the criminal history category may not have been calculated correctly; the movant received the information from a fellow inmate just prior to hiring the undersigned counsel.

17. Under normal circumstances the movant would have been entitled to file an appeal from sentence pursuant to 18 U.S.C. §3742.

18. Under normal circumstances movant would have been required to file a motion pursuant to 28 U.S.C.S. §2255 within one year of the date the judgment was entered – September 7, 2000.

19. It is movant's belief his previous counsel did not raise the within objections to the assignment of criminal history points, as mentioned in paragraphs 82 and 83, and the failure to raise the objection prejudiced the movant because his criminal history category would have been a II, rather than a III, had the objections been made and sustained.

20. It is movant's position that because previous counsel was ineffective in his representation of movant as it relates to paragraphs 82 and 83 that movant was unable to meet the time constraints of direct appeal pursuant to 18 U.S.C. §3742 and collateral review under 28 U.S.C.S. §2255.

21. Movant maintains he is still permitted to file a motion pursuant to 28 U.S.C.S. §2255(4) because he notified and hired counsel immediately upon receiving information that the calculations in paragraphs 82 and 83 may have been inaccurate.

22. Movant vigorously maintains a motion pursuant to 28 U.S.C.S. §2255 would have been raised through previous counsel, or through new counsel, if movant had been made aware of the errors in a timely fashion.

23. The sentence imposed in the case, because of the errors in adding the criminal history points in paragraph 82 and 83, denied the movant of his due process and equal protection rights, as well as his Sixth Amendment right to counsel.

24. The sentence imposed in this case is also in violation of the United States Sentencing Guidelines.

25. Pursuant to §2255 the movant has the right to request that this court correct his sentence.

26. The movant does not believe his presence is needed at an evidentiary hearing and therefore requests that he remain at Allenwood while the hearing is conducted.

27. Movant is submitting a memorandum of law in support of his motion contemporaneous to the filing of the within motion.

28. Movant has no future sentence to serve subsequent to the service of sentence imposed in the above captioned case.

29. Prior to filing the within motion movant was represented at all relevant times by Andrew Weinstein, Esquire.

30. Movant has no petition or appeal now pending in any court as to the judgment under attack.

31. Movant has never submitted the within issues for review by any court.

32. Movant suffered prejudice because his ultimate sentence most likely would have been a lesser amount of imprisonment because he would have fallen into a criminal history category of II.

WHEREFORE, movant respectfully requests that this Honorable Court grant all relief, pursuant to 28 U.S.C. §2255, to which movant may be entitled in this proceeding.

    Respectfully submitted,

*[signature]*

Gerald A. Lord [GAL6014]
Miller, Poole & Lord, LLP
139 East Philadelphia Street
York, PA 17403
(717) 845-1524
Sup. Ct. I.D. No. 49539
Attorney for Movant

```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF NEW YORK
 2

 3      - - - - - - - - - - -    X

 4    UNITED STATES OF AMERICA,   :      CR 99-589

 5                                :

 6           -against-            :
                                         United States Courthouse
 7                                       Brooklyn, New York
      ENRICO LOCASCIO,            :
 8                                       September 7, 2000
             Defendant.           :      11:00 o'clock a.m.
 9
        - - - - - - - - - - -    X
10

11                    TRANSCRIPT OF SENTENCING
                BEFORE THE HONORABLE NINA GERSHON
12                 UNITED STATES DISTRICT JUDGE

13
      APPEARANCES:
14

15    For the Government:         LORETTA E. LYNCH
                                  United States Attorney
16                                BY: PATRICIA NOTOPOULOS
                                  Assistant United States Attorney
17                                One Pierrepont Plaza
                                  Brooklyn, New York
18

19    For the Defendant:          ANDREW WEINSTEIN, ESQ.

20

21    Court Reporter:             Gene Rudolph
                                  225 Cadman Plaza East
22                                Brooklyn, New York
                                  (718) 260-2538
23

24    Proceedings recorded by mechanical stenography, transcript
      produced by computer-aided transcription.
25

                    GR        OCR        CM        CSR
```

EXHIBIT A

1        MR. WEINSTEIN:  No, ma'am.

2        THE COURT:  All right.  Mr. Locascio, I am going to
3   sentence you at the low end of the guidelines, to sixty-three
4   months in custody.

5        THE DEFENDANT:  Thank you, Your Honor.

6        THE COURT:  Because I am satisfied under all of the
7   facts and circumstances that that is sufficient, both to
8   punish you and to deter future conduct by you or others.

9        The -- there is a mandatory one hundred dollar
10  special assessment that I am going to impose, and three years
11  of supervised release, with psychological and/or mental health
12  or drug counseling as the Probation Officer determines is
13  needed at the time that you come out of custody.

14       There will be no fine in light of the priority of
15  restitution, but I am going to fix five million dollars of
16  restitution, taking into account your role and -- in this
17  crime and it will be joint and several with the -- with your
18  codefendants.

19       Now, as a special condition of the supervised
20  release, I am going to direct that you pay one thousand
21  dollars a month as a condition of that, which is twelve
22  thousand dollars a year, on the assumption that at least you
23  ought to be able to do that.

24       As your attorney has said, you are educated and will
25  be more educated.  You obviously are very capable, and I am

Multiple-Count Adjustment

74. Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21 are grouped, per Guideline 3D1.2(d).

|  |  | Units |
|---|---|---|
| 75. | Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19 and 21: Adjusted Offense Level ........................ 29 | 29 |
| 76. | Total Number of Units: | 1 |
| 77. | Greater of the Adjusted Offense Levels Above: | <u>29</u> |
| 78. | Increase in Offense Level (see Guideline 3D1.4): | <u>0</u> |
| 79. | Combined Adjusted Offense Level: | <u>29</u> |
| 80. | Adjustment for Acceptance of Responsibility: The defendant pleaded guilty, and notified the Government of his intention to do so in a timely manner. Per Guidelines 3E1.1(a) and 3E1.1(b)(2), 3 levels are subtracted. | <u>-3</u> |
| 81. | Total Offense Level: | <u>26</u> |

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

### Convictions/Adjudications

| | Date of Arrest | Offense/Court | Disposition | Guidelines/ Points |
|---|---|---|---|---|
| 82. | 6/18/87 (Age 17) | Attempted Criminal Mischief-4th/ Criminal Court Brooklyn, NY | 10/5/87 1 Year Conditional Discharge | 4A1.1(c) 4A1.2(d)(2)(B) ✓<br><br><u>1</u> |

This arrest does not appear on the defendant's NCIC report, but is indicated on the local presentence report prepared for his July 27, 1995, sentence. According to the police report, on June 18, 1987, the defendant, with another, placed an explosive device on John Kafkalas' restaurant window (Rex Manor at 1100 60th Street in Brooklyn). The device exploded, causing the window to shatter. The defendant was originally charged with Criminal Mischief in the First Degree, Criminal Possession of a Dangerous Weapon in the First Degree, and Arson in the


EXHIBIT B

Third Degree. Court officials verified that on October 5, 1987, the defendant was granted Youthful Offender status, and sentenced to a one-year conditional discharge.

| | | | | | |
|---|---|---|---|---|---|
| 83. | 1/13/91 (Age 20) | Attempted Criminal Possession of a Weapon-3rd / Supreme Court New York, NY | 6/27/91 3-Year Conditional Discharge | 4A1.1(c) 4A1.2(e)(2) | ✓ 1 |

According to the police report, the defendant was arrested with an unidentified male on January 13, 1991, after police officers observed the automobile in which he was a passenger leave the scene of an accident, and drive through two red traffic lights. At the time of the arrest, the defendant was in possession of a .25-caliber revolver loaded with four rounds of ammunition. He was originally charged with Criminal Possession of a Weapon in the Third Degree. Court officials verified that on June 27, 1991, the defendant was sentenced to a three-year Conditional Discharge.

| | | | | | |
|---|---|---|---|---|---|
| 84. | 4/22/94 (Age 24) | Criminal Possession Of a Weapon-4th / Supreme Court Brooklyn, NY | 7/27/95 3 Years Probation; $85 Mandatory Surcharge; $5 Crime Victim's Assistance Fee  7/29/98 Maximum Expiration Of Probation | 4A1.1(c) 4A1.2(e)(2) | ✓ 1 |

According to the police report, the defendant was arrested on April 22, 1994, subsequent to a traffic stop. Police officers observed the defendant, with Joseph Scanni, drive past a stop sign without stopping. During the traffic stop, arresting officers observed two firearms in plain view on the backseat of the vehicle: a 9mm Taurus and a .25-caliber Beretta, both fully loaded. During post-arrest statements, the defendant informed the officers that he had purchased both firearms on the street from a man known to him as "Eric," also known as "Dead," approximately one year ago. He advised that he possessed the firearms for self-protection, because he was "involved in fights with people." He was originally charged with two counts of Criminal Possession of a Weapon in the Second Degree, two counts of Criminal Possession of a Weapon in the Third Degree, and two counts of Criminal Possession of a Weapon in the Fourth Degree. According to the local presentence report prepared for this sentence, the defendant stated that he possessed the two firearms to protect himself from death threats from gang

EXHIBIT C

## VERIFICATION

I, Enrico Locascio, under penalty of perjury, hereby state that the averments made in the foregoing motion are true and correct to the best of my knowledge.

Date: 1-20-03

*Enrico Lo Cascio*
Enrico Locascio

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. CR-99-589-02 |
| | : | |
| v. | : | (N.G.) |
| | : | |
| ENRICO LOCASCIO | : | |

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Motion To Correct Sentence Pursuant To 28 U.S.C. §2255 upon the persons and in the manner indicated below which services satisfies the requirements of Pa. R.A.P. 121:

<u>Service by First Class Mail</u>:

Cheryl M. Fiorillo
United States Probation Officer
75 Clinton Street, Room 405
Brooklyn, NY 11201

Patricia E. Notopoulos, Esquire
Assistant United States Attorney
One Pierrepont Plaza
Brooklyn, NY 11201

Enrico Locascio
No. 54309-053
LSCI Allenwood
PO Box 1000
White Deer, PA 17887

Date: 3/7/03

Gerald A. Lord [GAL6014]
MILLER, POOLE & LORD, LLP
139 East Philadelphia Street
York, PA 17403
(717) 845-1524
Sup. Ct. I.D. No. 49539